O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| JEANETTE RAMIREZ, | Case No. SACV 12-00698-MLG |
| Plaintiff, | MEMORANDUM OPINION AND ORDER |
| v. | |
| MICHAEL J. ASTRUE, Commissioner of the Social Security Administration, | |
| Defendant. | |

Plaintiff Jeanette Ramirez seeks judicial review of the Commissioner's final decision denying her applications for disability insurance benefits ("DIB") and Supplemental Security Income ("SSI") benefits. For the reasons stated below, the decision of the Commissioner is reversed, and the matter is remanded for further proceedings consistent with this opinion.

**I. Background**

Plaintiff was born on October 16, 1950, and was 58 years old at the time she filed her applications for benefits. (Administrative Record ("AR") at 101.) She has a high school education and has relevant work experience as a bank teller and legal secretary. (AR at 116, 121.)

Plaintiff filed her benefits applications on November 26, 2008, alleging disability beginning July 1, 2003, due to kidney disease, high blood pressure, fatigue, and depression. (AR at 21, 57.)

Plaintiff's applications were denied on March 27, 2009. (AR at 57-61.) An administrative hearing was held on October 25, 2010, before Administrative Law Judge ("ALJ") John Kays. Plaintiff, represented by counsel, testified, as did medical expert Dr. Sami Nafoosi, and a vocational expert. (AR at 35-55.) On January 7, 2011, the ALJ issued an unfavorable decision. (AR at 21-28.) He found that the medical evidence established that Plaintiff suffered from the following severe impairments: chronic obstructive pulmonary disease, peripheral vascular disease, hypertension, diverticulosis, and neurodermatitis. (Id.) The ALJ determined that Plaintiff's impairments did not meet, or were not medically equal to, one of the listed impairments in 20 C.F.R., Part 404, Subpart P, Appendix 1. (Id.) The ALJ further found that Plaintiff retained the residual functional capacity ("RFC") to perform light work as defined in 20 C.F.R. 404.1567(b) with the following exceptions: "stand and walk for thirty minutes at a time for a maximum of four hours in an eight-hour workday, and avoid exposure to dust, fumes, gases, air pollutants, and extreme temperatures." (AR at 24.) In doing so, he found that Plaintiff's testimony regarding her limitations was not fully credible. (AR at 32.) The ALJ concluded that Plaintiff was capable of performing her past relevant work as a legal secretary and was therefore not disabled within the meaning of the Social Security Act. *See* 20 C.F.R. § 416.920(f). (AR at 27-28.)

On February 22, 2012, the Appeals Council denied review. (AR at 1-5.) Plaintiff then timely commenced this action for judicial review. On October 2, 2012, the parties filed a Joint Stipulation ("Joint Stip.")

of disputed facts and issues. Plaintiff contends that the ALJ erred by: (1) failing to perform a proper credibility analysis; (2) improperly relying on the testimony of the medical expert, Dr. Sami Nafoosi, M.D.; and (3) failing to properly consider the medical evidence in the record. (Joint Stip. at 4.) Plaintiff seeks reversal of the Commissioner's denial of her applications and payment of benefits or, in the alternative, remand for a new administrative hearing. (Joint Stip. at 26.) The Commissioner requests that the ALJ's decision be affirmed. (Joint Stip. at 28.)

After reviewing the parties' contentions and the record as a whole, the Court finds Plaintiff's contention regarding the ALJ's failure to properly evaluate Plaintiff's credibility to be meritorious and remands this matter for further proceedings consistent with this opinion.[1]

**II.  Standard of Review**

Under 42 U.S.C. § 405(g), a district court may review the Commissioner's decision to deny benefits. The Commissioner's or ALJ's decision must be upheld unless "the ALJ's findings are based on legal error or are not supported by substantial evidence in the record as a whole." *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1990); *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004); *Parra v. Astrue*, 481 F.3d 742, 746 (9th Cir. 2007). Substantial evidence means such evidence as a reasonable person might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Widmark v. Barnhart*, 454 F.3d 1063, 1066 (9th Cir. 2006). It is more than a scintilla, but less than a preponderance. *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006). To determine whether substantial

---

[1]  The Court does not reach the remaining claims of error and will not decide whether these issues would independently warrant relief. The ALJ may wish to consider these other claims of error upon remand.

evidence supports a finding, the reviewing court "must review the administrative record as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion." *Reddick v. Chater*, 157 F.3d 715, 720 (9th Cir. 1996). "If the evidence can support either affirming or reversing the ALJ's conclusion," the reviewing court "may not substitute its judgment for that of the ALJ." *Robbins*, 466 F.3d at 882.

### III. Discussion

Plaintiff contends that the ALJ erred by failing to provide clear and convincing reasons for rejecting her subjective symptom testimony. (Joint Stip. at 5.) To determine whether a claimant's testimony about subjective pain or symptoms is credible, an ALJ must engage in a two-step analysis. *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009) (citing *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035-36 (9th Cir. 2007)). First, the ALJ must determine whether the claimant has presented objective medical evidence of an underlying impairment which could reasonably be expected to produce the alleged pain or other symptoms. *Lingenfelter*, 504 F.3d at 1036. "[O]nce the claimant produces objective medical evidence of an underlying impairment, an adjudicator may not reject a claimant's subjective complaints based solely on a lack of objective medical evidence to fully corroborate the alleged severity of pain." *Bunnell v. Sullivan*, 947 F.2d 341, 345 (9th Cir. 1991) (en banc). To the extent that an individual's claims of functional limitations and restrictions due to alleged pain is reasonably consistent with the objective medical evidence and other evidence in the case, the claimant's allegations will be credited. SSR 96-7p, 1996 WL 374186 at *2

(explaining 20 C.F.R. §§ 404.1529(c)(4), 416.929(c)(4)).[2]

Unless there is affirmative evidence showing that the claimant is malingering, the ALJ must provide specific, clear and convincing reasons for discrediting a claimant's complaints. *Robbins*, 466 F.3d at 883. "General findings are insufficient; rather, the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Reddick*, 157 F.3d at 722 (quoting *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1996)). The ALJ must consider a claimant's work record, observations of medical providers and third parties with knowledge of claimant's limitations, aggravating factors, functional restrictions caused by symptoms, effects of medication, and the claimant's daily activities. *Smolen v. Chater*, 80 F.3d 1273, 1283-84 & n.8 (9th Cir. 1996). The ALJ may also consider an unexplained failure to seek treatment or follow a prescribed course of treatment and employ other ordinary techniques of credibility evaluation. *Id*. (citations omitted).

Plaintiff claims to suffer from the following symptoms and functional limitations: she has frequent panic attacks during which she becomes dizzy and finds it difficult to breathe, for which she has been prescribed Xanax; she feels depressed and unable to cope; she is unable to walk for more than 10 minutes due to pain; she can walk no more than one block before needing to stop and rest due to pain and shortness of breath; and she suffers from kidney disease, high blood pressure and fatigue. (AR at 50-52, 115, 143-80.)

---

[2] "The Secretary issues Social Security Rulings to clarify the Secretary's regulations and policy .... Although SSRs are not published in the federal register and do not have the force of law, [the Ninth Circuit] nevertheless give[s] deference to the Secretary's interpretation of its regulations." *Bunnell*, 947 F.2d at 346 n.3.

The ALJ found that Plaintiff's medical impairments could reasonably be expected to produce the alleged symptoms. (AR at 25.) He was therefore required to provide specific, clear and convincing reasons for rejecting Plaintiff's subjective allegations of pain and functional limitations. The ALJ provided the following reasons for finding Plaintiff's testimony not fully credible:

> Although the record shows that the claimant suffers from a number of impairments, I find that the claimant's credibility regarding the alleged severity of her symptoms and resulting limitations is diminished by her refusal to quit smoking and alcohol use. Dr. Hawkins and Dr. Ho diagnosed the claimant with tobacco use disorder on numerous occasions and recommended that the claimant quit smoking, as it poses as a risk factor for chronic kidney disease. Although Dr. Weil, the vascular surgeon, also strongly recommended smoking cessation, the claimant had not quit smoking as of September 2008, and Dr. Ho reported in his most recent treatment note of March 2010 that the claimant's smoking remains a "main issue" and he would continue to encourage cessation. Additionally, despite the claimant's allegations that she suffered from disabling depression, the record shows that the claimant reported that she drank wine socially. I note that alcohol is a well-known depressant, and drinking alcohol on even a social basis may exacerbate the claimant's depressive symptoms.

(AR at 32.) (Internal citations omitted.)

With respect smoking cessation, the ALJ failed to make adequate underlying findings as required by *Bunnell*, 947 F.2d at 345. An ALJ may consider a claimant's continued smoking in evaluating her credibility

with respect to the limitations of an impairment directly caused by smoking. *Bray v. Commissioner*, 554 F.3d 1219, 1227 (9th Cir. 2009); *but see Shramek v. Apfel*, 226 F.3d 809, 812-13 (7th Cir. 2000) (noting, in dicta, that nicotine's addictive properties made it "extremely tenuous" to discredit a claimant's description of her impairments based on the claimant's continued smoking). However, "before basing a denial of benefits on noncompliance, the ALJ must 'examine the medical conditions and personal factors that bear on whether [a claimant] can reasonably remedy' her impairment and must make specific findings." *Byrnes v. Shalala*, 60 F.3d 639, 641 (9th Cir. 1995) (citing *Dodrill v. Shalala*, 12 F.3d 915, 919 (9th Cir. 1993)). The ALJ "must develop a record establishing by substantial evidence that the claimant's impairment is reasonably remediable by the particular individual involved, given ... her social or psychological situation, and that [she] lacks good cause for failing to follow a prescribed treatment program." *Byrnes*, 60 F.3d at 641 (citing *Preston v. Heckler*, 769 F.2d 988, 990 (4th Cir. 1985)). Also "[e]ssential to a denial of benefits ... is a finding that if the claimant followed her prescribed treatment she could return to work." *Id.* (citing *Rousey v. Heckler*, 771 F.2d 1065, 1069 (7th Cir. 1985)).

    Here, the ALJ failed to make adequate findings regarding whether Plaintiff was in fact not complying with a prescribed treatment program to quit smoking, that she lacked good cause for failing to comply, or that if she stopped smoking she could return to work. The ALJ did not ask Plaintiff any questions at the administrative hearing regarding her smoking, such as whether she had quit or was making a serious effort to do so. Although there is a notation in the record in September 2006 that Plaintiff was "currently not too motivated" to quit smoking, the other medical records cited by the ALJ indicate that Plaintiff at least had

expressed interest in quitting smoking and was discussing with her physicians various cessation aids, such as Nicoderm, Chantix, Zyban, and even possibly hypnosis. (*See, e.g.,* AR at 299, 341, 612, 665.) Nor is it clear from the record whether any or all of Plaintiff's subjective complaints of pain and functional limitations are related to her smoking. *See Kral v. Astrue*, 2011 WL 4383111, *7 (E.D.Cal. 2011) (finding that where only some of the claimant's complaints and impairments were related to smoking, the ALJ's general reliance on the claimant's smoking as a reason to discredit her credibility was insufficient).

    The other reason the ALJ relied on for finding Plaintiff less than credible, her use of alcohol, is also unsupported by substantial evidence in the record. The ALJ chides Plaintiff for social drinking because "alcohol is a well-known depressant," yet the ALJ found that Plaintiff's depression was non-severe. (AR at 23, 26.) Moreover, it is entirely unclear from the record how often or how much Plaintiff drinks. The notations in the medical record upon which the ALJ relies merely state "alcohol: socially, wine." There does not appear to be any indication in the record that Plaintiff's doctors believed that she had a drinking problem or that alcohol consumption contributed in any way to her impairments. Nor did the ALJ question Plaintiff regarding her alcohol consumption. Thus, the mere fact that Plaintiff occasionally drinks wine in social settings does not provide a reason supported by substantial evidence in the record for discrediting her testimony.

    In support of the argument that the ALJ properly addressed Plaintiff's subjective complaints, the Commissioner points to other evidence in the record which allegedly undermines Plaintiff's credibility. First, the Commissioner argues that the ALJ "noted that

the objective medical evidence did not support the degree of disability alleged by Plaintiff." (Joint Stip. at 13, citing AR at 25-27.) An ALJ's finding that there is no objective medical evidence corroborating Plaintiff's subjective pain testimony is not, without more, a sufficient reason for discrediting Plaintiff. *See Burch v. Barnhart*, 400 F.3d 676, 681 (9th Cir. 2005) (noting that "lack of medical evidence cannot form the sole basis for discounting pain testimony"). Although "the medical evidence is a relevant factor in determining the severity of the claimant's pain and its disabling effects," once a claimant produces objective medical evidence of an underlying impairment, an ALJ "may not reject a claimant's subjective complaints based solely on lack of objective medical evidence to fully corroborate the alleged severity of pain." *Rollins v. Massanari*, 261 F.3d 853, 856-57 (9th Cir. 2001).

The Commissioner also contends that the ALJ relied upon Plaintiff's conservative treatment regimen in support of his adverse credibility determination. (Joint Stip. at 14, citing AR at 17.) The Court notes that the page cited by the Commissioner in support of this contention is not actually part of the ALJ's written opinion. Nevertheless, although a conservative course of treatment may be a reason to discredit a claimant's allegations of severe pain, *see Parra v. Astrue*, 481 F.3d 742, 750-51 (9th Cir. 2007), the ALJ did not clearly and explicitly cite this as a reason for rejecting Plaintiff's testimony. It would be error for this Court to affirm the ALJ's decision based upon reasons that the ALJ did not discuss. *Connett v. Barnhart*, 340 F.3d 871, 874 (9th Cir. 2003).

The Commissioner also contends that the "ALJ observed that Plaintiff's subjective pain complaints and her statements concerning her daily activities were not consistent." (Joint Stip. at 14, citing AR at

25.) Again, although this may be an acceptable reason for discounting a claimant's credibility, the ALJ did not specifically note Plaintiff's activities of daily living as a reason for his adverse credibility determination. *See Connett*, 340 F.3d at 874. Accordingly, the Court cannot affirm the ALJ's decision based upon the reasons proposed post hoc by the Commissioner.[3]

In sum, the reasons given by the ALJ were not supported by substantial evidence in the record and were therefore insufficient to reject Plaintiff's testimony regarding her symptoms and related limitations.

**IV. Conclusion**

The decision whether to remand for further proceedings is within this Court's discretion. *Harman v. Apfel*, 211 F.3d 1172, 1175-78 (9th Cir. 2000). Where no useful purpose would be served by further administrative proceedings, or where the record has been fully developed, it is appropriate to exercise this discretion to direct an immediate award of benefits. *Id*. at 1179 ("[T]he decision of whether to remand for further proceedings turns upon the likely utility of such proceedings."); *Benecke v. Barnhart*, 379 F.3d 587, 593 (9th Cir. 2004). However, where there are outstanding issues that must be resolved before a determination of disability can be made, and it is not clear from the record that the ALJ would be required to find the claimant disabled if all the evidence were properly evaluated, remand is appropriate.

---

[3] The Court notes that the Commissioner fails to address the sufficiency of the two reasons actually proffered by the ALJ, that is, that Plaintiff did not quit smoking and that she drank alcohol on social occasions.

*Bunnell v. Barnhart*, 336 F.3d 1112, 1115-16 (9th Cir. 2003); *see also Connett v. Barnhart*, 340 F.3d 871, 876 (9th Cir. 2003) (remanding case for reconsideration of credibility determination).

    Here, the ALJ failed to explain with sufficient specificity the basis for her determination that Plaintiff was not fully credible regarding the intensity, persistence, and limiting effects of her symptoms. Accordingly, the case is remanded for further proceedings consistent with this opinion and order.

DATED: October 25, 2012

_____
Marc L. Goldman
United States Magistrate Judge